

**ORDERED in the Southern District of Florida on October 20, 2016.**

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Robert A. Mark, Judge
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　United States Bankruptcy Court

_____

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
**www.flsb.uscourts.gov**

*In re:*                                           Case No.: 16-15918-BKC-RAM

ACE'S INDOOR SHOOTING RANGE &          Chapter 11
PRO GUN SHOP, INC,

　　　Debtor.　　　　　　　　　　　/

**THIRD INTERIM ORDER (I) AUTHORIZING THE DEBTOR (A) TO USE CASH COLLATERAL AND (B) TO PROVIDE ADEQUATE PROTECTION IN CONNECTION THEREWITH**

THIS MATTER came before the Court *ex parte* upon the motion filed by Ace's Indoor Shooting Range & Pro Gun Shop, Inc. (the "Debtor") seeking entry of an order further extending the Interim Period under this Court's *Second Interim Order (I) Authorizing the Debtor (A) to Use*

*Cash Collateral and (B) to Provide Adequate Protection in Connection Therewith* [ECF #79] (the "Cash Collateral Order") for 60 days [ECF # 97] (the "Motion").[1] The Court, finding that it has jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. §§ 157 and 1334; that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); that the relief requested in the Motion is in the best of interests of the Debtor, its estate and its creditors; that National Funding consents to the relief provided for in this Order and National Funding's interests in Cash Collateral are adequately protected; that proper and adequate notice of the Motion and the hearing thereon has been given and that no other or further notice is necessary; upon the record herein after due deliberation thereon, finds that good and sufficient cause exists for the granting of the relief as set forth herein. Accordingly, it is **ORDERED**:

1. The Motion is **GRANTED**.

2. Subject to the conditions and limitations set forth herein, the Debtor is authorized to use Cash Collateral, as defined in 11 U.S.C. § 363(a) and in the Motion, to continue its business operations and to pay its regular operating expenses in accordance with the Budget attached to the Cash Collateral Order. The Debtor's expenditures shall be limited to those expenditures specifically authorized in the Budget, where amounts are provided on a line-by-line basis. In addition, the Debtor shall not pay any prepetition debt except as may be specifically authorized by this Court, upon proper notice, motion and hearing.

3. The Debtor is authorized to exceed the amounts set forth in the Budget by the sum of 15% percent of the disbursements projected on a line item basis as may be required to prevent immediate and irreparable harm. The Budget amounts may also be exceeded without further Court order, upon written consent of National Funding. Payment of fees to the Office of the United States Trustee under 28 U.S.C. § 1930 ("UST Fees") may exceed the line item for UST

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion.

Fees in the Budget without the need for further order of Court and shall not be considered an unauthorized variance under the Budget.

4. In connection with the Debtor's proposed use of Cash Collateral hereunder and in order to provide the Lender with additional adequate protection pursuant to sections 361 and 363(e) of the Bankruptcy Code for the aggregate diminution of the Cash Collateral resulting from the Debtor's use thereof, (i) the Debtor shall be authorized to make interest-only payments of $322.44 per month to National Funding during the Interim Period, and nothing in this Order shall be construed as a waiver by the Debtor as to the treatment of National Funding's allowed claim under a plan of reorganization, and (ii) National Funding is granted continuing and post-petition replacement liens on, and security interests in, all property of the Debtor acquired or generated after the Petition Date pursuant to 11 U.S.C. § 361(2) as to which National Funding may have had liens and security interests prior to the Petition Date with such liens and security interests to have the same extent, validity, and priority as existed prior to the Petition Date.

5. Notwithstanding any provision in the Budget for the payment of professional fees, the Debtor shall be authorized to pay professionals retained by the Debtor under Sections 327 and/or 328 of the Bankruptcy Code upon entry of an Order of this Court approving an application for compensation, and only after notice to creditors and parties in interest, and a hearing thereon.

6. Nothing in this Order shall be construed to bind the estate or other parties in interest with respect to the validity, perfection or amount of National Funding's prepetition liens, claims or debt or the waiver of claims against National Funding.

7. This Order shall constitute findings of fact and conclusions of law and shall take effect and be fully enforceable immediately upon execution thereof.

8. The Interim Period is further extended for a period of 60 days, through and including December 23, 2016 (the "Interim Period"), but may be extended by written agreement by National Funding and pursuant to further Order of this Court on an *ex parte* basis.

# # #

**SUBMITTED BY:**

Matthew Petrie, Esq.
map@ecclegal.com
EHRENSTEIN CHARBONNEAU CALDERIN
*Counsel for the Debtor in Possession*
501 Brickell Key Drive, Suite 300
Miami, FL  33131
T. 305.722.2002     F. 305.722.2001
www.ecclegal.com

Copy to: Attorney Petrie, who shall serve a copy of the signed order on all required parties and file with the court a certificate of service conforming with Local Rule 2002-1(F).